IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LYNDA L. OTT, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV190 |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO HOME | ) | **MEMORANDUM** |
| MORTGAGE, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on Defendant Wells Fargo Home Mortgage's ("Wells Fargo") Motion for Summary Judgment (filing no. 24), Defendant's Motion for Hearing regarding Motion for Summary Judgment (filing no. 28), and Plaintiff's Objection to Defendant's Motion for Summary Judgment (filing no. 30). As set forth in this Memorandum and Order, Defendant's Motion for Summary Judgment is granted, Defendant's Motion for Hearing is denied as moot, and Plaintiff's Objection to Defendant's Motion is denied.

**I.  BACKGROUND**

    Plaintiff filed her Complaint in this matter on May 18, 2007. (Filing No. 1.) Plaintiff's Complaint alleges that Defendant Wells Fargo's unfair dealings, outrageous conduct, and false statements caused Plaintiff to lose the value of her home. (Filing No. 1 at CM/ECF p. 2.)

    Defendant filed its Motion for Summary Judgment on April 8, 2008. (Filing No. 24.) Along with its Motion, Defendant also filed a Brief in Support and an Index of Evidence. (Filing No. 25 & Filing No. 26.) Plaintiff filed an Objection to Defendant's Motion on May 1, 2008. (Filing No. 30.) Defendant filed a Brief in Opposition to Plaintiff's Objection on May 21, 2008. (Filing No. 31.)

The court has carefully reviewed the documents submitted by the parties and summary judgment is granted for Defendant as set forth below.

## II.     UNDISPUTED MATERIAL FACTS

1. Plaintiff's house was sold at a foreclosure auction on July 16, 2002. (Filing No. 26, Attach. 2, at CM/ECF p. 1.)

2. Plaintiff filed this suit on May 18, 2007, alleging that between October 25, 2001 and September 16, 2002, Wells Fargo intentionally inflicted emotional distress upon Plaintiff. (Filing No. 1 at CM/ECF p. 2.)

3. Plaintiff claims that Wells Fargo wrongfully and fraudulently foreclosed on her house, causing her economic damages and severe emotional distress. (*Id.* at CM/ECF pp. 2-6.)

4. Plaintiff claims that Wells Fargo employees misled her about Wells Fargo's intention to foreclose on her home. (*Id.* at CM/ECF pp. 4-6.)

5. Plaintiff received a summons dated August 29, 2002 directing her to appear in Hall County Court on September 9, 2002. (*Id.* at CM/ECF pp. 6-7.)

6. Plaintiff claims that during these state court proceedings, the state court judge improperly prevented her from presenting evidence and engaged in an ex parte communication with Defendant. (*Id.* at CM/ECF pp. 7-8.)

7. A notice dated September 13, 2002 instructing Plaintiff to vacate her home by September 16, 2002 was taped to Plaintiff's door. (*Id.* at CM/ECF p. 8.)

## III. ANALYSIS

Liberally construed, Plaintiff is claiming fraud, intentional infliction of emotional distress, and wrongful foreclosure, and is complaining of errors that occurred in the state court proceedings. Defendant argues that summary judgment should be granted in its favor because Plaintiff's claims for intentional infliction of emotional distress and fraud are barred by the statute of limitations, the state of Nebraska does not recognize a claim for wrongful foreclosure, and Plaintiff's claims that errors were made in the state court proceedings would be subject to direct appeal.

### A. Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also* Egan v. Wells Fargo Alarm Servs., 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. Bell v. Conopco, Inc., 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. Dancy v. Hyster Co., 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate his allegations with "sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (quotation omitted). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

**B.     Statute of Limitations**

Defendant argues that Plaintiff's claim for intentional infliction of emotional distress and fraud are barred by the statute of limitations in Neb. Rev. Stat. § 25-207.

Neb. Rev. Stat. § 25-207 states that:

> The following actions can only be brought within four years: (1) An action for trespass upon real property; (2) an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated; and (4) an action for relief on the ground of fraud, but the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud, except as provided in sections 30-2206 and 76-288 to 76-298.

Intentional infliction of emotional distress is encompassed in subsection (3) of this statute. *See e.g., Anonymous v. St. John Lutheran Church of Seward*, 703 N.W.2d 918, 924, 927 (Neb. App. 2005). A purpose of a statute of limitations is to prevent recovery on stale claims. *Hullinger v. Board of Regents*, 546 N.W.2d 779, 783-84 (Neb. 1996), *overruled on other grounds, Collins v. State*, 646 N.W.2d 618 (Neb. 2002). "The mischief which a statute of limitations is intended to remedy is general inconvenience resulting from delay in assertion of a legal right which it is practicable to assert." *Id.* at 784.

In her Complaint, Plaintiff states that the events she is complaining of took place between October 25, 2001 and September 16, 2002. Liberally construing Plaintiff's Complaint, Plaintiff is alleging that Wells Fargo's fraudulent actions started in October 25, 2001 when Wells Fargo employees were allegedly misleading her about the actions Wells Fargo was taking, or intended on taking, with regard to the foreclosure of her home. Plaintiff claims that the alleged fraudulent actions of Wells Fargo ended when Plaintiff was evicted from her home on September 16, 2002.

4

Viewing the facts in the light most favorable to Plaintiff, at the earliest, Plaintiff became aware of the alleged fraudulent behavior when she received the August 29, 2002 summons to attend a hearing in Hall County Court, and at the latest, on September 16, 2002, when she was evicted from her home.

Furthermore, actionable conduct by Wells Fargo for Plaintiff's intentional infliction of emotional distress claim ended on September 16, 2002, when she was evicted from her home. Therefore, the four-year statute of limitations governing Plaintiff's claims of fraud and intentional infliction of emotional distress expired on September 15, 2006. Plaintiff filed her Complaint in this case around eight months later, on May 18, 2007. Accordingly, Plaintiff's claims of fraud and intentional infliction of emotional distress are barred by the four-year statute of limitations.[1]

**C.    Remaining Claims**

Plaintiff's remaining claims also fail. As Defendant argues, any common-law claim for damages for wrongful foreclosure is barred because the State of Nebraska does not recognize such a claim. *24th & Dodge Limited Partnership v. Acceptance Ins. Co.*, 690 N.W.2d 769, 775 (Neb. 2005).

Furthermore, this court is barred from reviewing Plaintiff's challenges to the state court's decision by the *Rooker-Feldman* doctrine. A federal district court does not possess authority to review or alter final judgments of a state court judicial

---

[1] Plaintiff also cannot prove a claim of intentional infliction of emotional distress based on the facts alleged in her Complaint. In order to be recoverable, the emotional distress must have been "so severe that no reasonable person could have been expected to endure it." *Hamilton v. Nestor*, 659 N.W.2d 321, 329 (Neb. 2003) (citation & quotations omitted). Moreover, "the emotional anguish or mental harm must be medically diagnosable and must be of sufficient severity that it is medically significant." *Id.* Ott's alleged emotional injury does not rise to this level.

proceeding. *See Lemonds v. St. Louis County*, 222 F.3d 488, 492-95 (8th Cir. 2000) (*Rooker-Feldman* doctrine forecloses indirect attempts to undermine state court decisions). Appellate jurisdiction over state court decisions, even when the challenge to the state court's actions involves federal constitutional issues, lies exclusively in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Federal district courts do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. Any alleged errors in the state court proceedings should be directly appealed in the proper state court. Accordingly, Defendant's Motion for Summary Judgment is granted.

IT IS THEREFORE ORDERED that:

1. Defendant Wells Fargo's Motion for Summary Judgment (filing no. 24) is granted, and Plaintiff's action against Defendant is dismissed with prejudice.

2. Defendant's Motion for Hearing (filing no. 28) is denied as moot.

3. Plaintiff's Objection to Defendant's Motion for Summary Judgment (filing no. 30) is denied.

4. A separate Judgment will be entered.

July 3, 2008.                    BY THE COURT:

                                          s/ *Richard G. Kopf*
                                          United States District Judge